UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON PAUL ARNOLD,

    Plaintiff,

v.

FAMILY INDEPENDENCE
AGENCY, CHARTER BEHAVIORAL
HEALTH SYSTEM, HIAWATHA
BEHAVIORAL HEALTH AGENCY,

    Defendants.

    Case No. 2:11-CV-260

    HON. GORDON J. QUIST

## OPINION

Plaintiff, Jason Paul Arnold ("Arnold"), proceeding pro se, has sued Defendants, the Michigan Family Independence Agency (the "FIA"), Charter Behavioral Health System ("CBHS"), and Hiawatha Behavioral Health Agency ("HBHA"). The legal basis for Arnold's claim is not clear. Arnold alleges that sixteen years ago, when he was thirteen years old, he was put in a padded room at "this facility" "for 93 days with nothing but a blue paper gown." He further alleges that he was not given a mat or a pillow and had to lay on the cold floor. While confined in the facility, Arnold tried to commit suicide, was placed in a straight jacket multiple times, was stripped naked and placed on a cold steel restraint table with leather cuffs on his hands and feet, and was injected numerous times with unknown medications. Arnold alleges that the medications "seriously screwed up my brain." He suffers from constant nightmares and has "SEVERE P.T.S.D.", "Bipolar Disorders", and "Schizophrenia Disorders." Arnold claims that "this hospital and many others like it are guilty of torture and TREASON to the highest extent of the law," and he seeks $93 million in damages for pain and suffering.

Defendant FIA has moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (6) on the grounds that: (1) the complaint fails to give Defendants notice of the basis of Arnold's claim and the legal grounds upon which it is asserted: (2) the FIA, which was reorganized into the Department of Human Services by Executive Order in 2004, is a department of the State of Michigan entitled to Eleventh Amendment immunity; and (3) Arnold's claim is barred by the applicable statute of limitations.  Arnold has failed to respond to the motion.

The FIA (Department of Human Services) is entitled to dismissal because Arnold fails to state a claim upon which relief can be granted.  The pleading standards under the Federal Rules of Civil Procedure are not onerous.  A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In reviewing the complaint, the Court is mindful of its obligation to liberally construe Arnold's allegations.  *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").  However, a court cannot create a claim for the plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Worrell v. Bruce*, 296 F. App'x 665, 670 (10th Cir. 2008) (stating that "while we liberally construe pro se appellants' filings, we may not advocate on behalf of a litigant"); *Underwood v. Jeffcoat*, No. 99-40034, 1999 WL 1067547, at *4 (5th Cir. Oct. 13, 1999) ("Though Underwood is proceeding pro se, we can only liberally construe the arguments he makes; we cannot construct his arguments from whole cloth.").  Arnold's complaint fails to comply with Rule 8(a)(2) and fails to state a claim. While Arnold alleges some facts, he does not allege a legal basis for his claim.  On the civil cover sheet, Arnold has checked various boxes under the categories of "Personal Injury" and "Civil Rights", including "Americans with Disabilities" and "Other Civil Rights."  As noted, however, Arnold fails to identify any legal basis for his claims in his complaint and he fails to allege facts

sufficient to satisfy the elements of any of the claims identified on the civil cover sheet. There is simply no basis to find that Arnold has alleged a legally sufficient claim.[1]

The Court further concludes that dismissal is appropriate because Arnold's claim is barred by any conceivably applicable statute of limitations. Although an affirmative defense is generally not the proper subject of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[a]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998) (citing *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994)); *see also Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 775 n.3 (5th Cir. 1997) (stating that "certain affirmative defenses that clearly appear on the face of the plaintiff's complaint–most commonly that the statute of limitations has run–may properly be asserted in a Rule 12(b)(6) motion"). The Sixth Circuit adheres to this rule as well. *See Pierce v. Oakland County*, 652 F.2d 671, 672 (6th Cir. 1981) (holding that an affirmative defense is not waived even if not pled where it appears on the face of the complaint and is asserted by the defendant in a Rule 12(b)(6) motion to dismiss).

As noted, Arnold alleges that the facts giving rise to his claim occurred sixteen years ago, when he was thirteen years old. Arnold's claim is time-barred, regardless of wether it arises under 42 U.S.C. § 1983 or the Americans with Disabilities Act ("ADA"), or is construed as a personal injury claim under Michigan law. The statute of limitations for § 1983 claims filed in Michigan is three years and begins to run when the plaintiff knows or has reason to know of the act giving rise to the injury. *Hawkins v. Spitters*, 79 F. App'x 168, 169 (6th Cir. 2003). The limitations period for

---

[1] Because the complaint fails to state a claim, the Court need not reach the issue of Eleventh Amendment immunity.

claims under Title II of the ADA is based upon the limitations period for personal injury actions in the forum state. *See Frank v. Univ. of Toledo*, 621 F. Supp. 2d 475, 482-83 (N.D. Ohio 2007); *Barch v. State of Hawaii Dep't of Labor & Indus. Relations*, No. 04-00712 SOM/BMK, 2006 WL 3078933, at *7 (D. Haw. Oct. 26, 2006). In Michigan, the statute of limitations for personal injury claims is three years. M.C.L.A. § 600.5805(10); *see Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008). Because any conceivable claim Arnold may have is subject to a three-year period of limitations, his claim, which arose sixteen years ago, is time-barred.[2]

Although CBHS[3] and HBHA have not moved for dismissal, the Court concludes that those Defendants are entitled to dismissal because Arnold's claim is time-barred as to all Defendants. Accordingly, the Court will dismiss the complaint in its entirety with prejudice.

An Order consistent with this Opinion will be entered.


Dated: November 21, 2011                    /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE

---

[2] This is true even applying M.C.L.A. § 600.5851(1), which provides that if a claim accrues while a plaintiff is a minor, the minor has one year after reaching the age of majority to file suit. Thus, Arnold had until his nineteenth birthday – about ten years ago – to file suit.

[3] The is no indication in the docket report that CBHS has been served as of this date.

4